IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KIMBERLY ROMERO

    Plaintiff,

v.                                                                            CIV. 13-860 MCA/GBW

UNITED STATES OF AMERICA

    Defendant.

## ORDER DENYING MOTIONS

This matter is before the Court on Plaintiff's Motion to Dismiss Counsel and Plaintiff's Motion to Appoint Counsel. *Docs. 2, 3.* Having reviewed the Motions, the Court finds that they should be denied.

In Plaintiff's Motion to Dismiss Counsel, Plaintiff apparently seeks to "dismiss" the criminal defense attorney who represented her in her state criminal matter. Plaintiff is advised that the instant case is a separate civil matter in federal court. As such, the representation of her former criminal defense attorney does not continue into this case despite the fact that the instant case relates to her state conviction. Instead, in the instant case, Plaintiff will be representing herself *pro se* unless a new attorney enters an appearance on her behalf. Therefore, Plaintiff's Motion to Dismiss Counsel (*doc. 2*) is DENIED as moot.

In the second Motion, Plaintiff asks the Court to appoint an attorney to represent her in the instant case. "There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)). Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors. As her basis for this request, Plaintiff states only that she cannot afford to hire representation. *Doc. 3*. Although financial hardship is necessary to even consider appointment of counsel, it is far from sufficient. In fact,

financial hardship is not one of the factors articulated in *Thomas*. The Court has considered the *Thomas* factors and none support appointment of counsel in this case. For example, Plaintiff's Complaint does not present novel or complex legal claims. *Doc. 1*. The Complaint, moreover, demonstrates Plaintiff's ability to coherently articulate her legal position. *Doc. 1*. Therefore, Plaintiff's Motion to Appoint (*doc. 3*) is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE